# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

EDWARD MANZKE,

     Plaintiff,

     v.

CENTERS FOR DISEASE CONTROL AND
PREVENTION,

     Defendant.

No. 11 C 4680

## MEMORANDUM OPINION AND ORDER

Plaintiff Edward Manzke brought this action against defendant Centers for Disease Control and Prevention ("CDC") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, related to an Enterobacter Sakazakii infection at Rush-Copley Neonatal Intensive Care Unit. Plaintiff is an attorney who represents a family whose deceased infant son, Connor McCray, contracted Enterobacter Sakazakii at Rush-Copley. This case centers on plaintiff's March 28, 2011 FOIA request which sought information relating to CDC lab files concerning bacteria samples originating in Illinois, Minnesota and South Carolina. Specifically, the request sought a copy of the Pulse Field Gel Electrophoresis ("PFGE") pattern, .tif or .pdf files, and a dendogram for six identified Enterobacter sakazakii infection lab samples. Four of the samples were from Connor McCray in Illinois, while the other two came from one unnamed individual in Minnesota and one unnamed individual in South

Carolina.

Plaintiff explained the origin of his request. Back in 2008, plaintiff submitted a FOIA request to the CDC related to Enterobacter Sakazakii infections. In response to that request, the CDC produced a dendogram which included patterns for numerous samples, including, among others, the Minnesota sample ("2005-32-01 MN") and the South Carolina sample ("2007-05-01 SC") at issue in this case. The CDC provided the PFGE patterns along with the corresponding CDC identification numbers. According to plaintiff, the quality of the PFGE patterns, which were reproduced via photocopy, was limited. In an effort to obtain clearer images, on March 28, 2011, plaintiff sent a second FOIA request to the CDC for ".tif files" of the PFGE patterns.

With respect to the most recent FOIA request, the parties agreed that the CDC would provide the requested materials by December 12, 2011. The CDC produced the requested information for Connor McCray's samples without redaction because all privacy concerns were extinguished by his death. However, because plaintiff failed to provide signed consents from the individuals represented by the Minnesota and South Carolina samples (or proof that these individuals were deceased), the CDC redacted all information from the Minnesota and South Carolina samples that might be used to identify these individuals. Specifically, the CDC redacted the state lab identification number, submitter, submitter

identification, and the date received from the Minnesota and South Carolina samples because the CDC determined that including this information may make it possible to discover the identify of the individuals attached to each sample. Plaintiff argues that the CDC has not, in fact, fully complied with his FOIA request because the CDC refuses to identify which specific PFGE patterns belong to the Minnesota and South Carolina samples.

FOIA requires governmental agencies "upon any request for records which . . . reasonably describes such records . . . [to] make the records promptly available[.]" 5 U.S.C. § 552(a)(3). In accordance with FOIA's "goal of broad disclosure, [FOIA] exemptions have been consistently given a narrow compass." *Dept. of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal citation omitted). A defendant agency in a FOIA case may be granted summary judgment where it demonstrates that its search was adequate and any withheld documents fall within an exemption to FOIA. *See Demma v. U.S. Dept. of Justice*, No. 93 C 7289, 1996 WL 11932, at *1 (N.D. Ill. Jan. 10, 1996) (citing *Carney v. U.S. Dept. of Justice*, 19 F.3d 807, 812 (2d Cir. 1994)). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." *Id*.

The CDC argues that it is entitled to summary judgment because

it has fully complied with plaintiff's FOIA request. In support of its redaction, the CDC relies on FOIA Exemption 6 which protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 6 applies whenever disclosure would constitute a "clearly unwarranted invasion" of personal privacy. *See U.S. Dept. of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982).

In response, plaintiff points out that the CDC has essentially given him the information which the CDC now wants to redact. Plaintiff has provided evidence that back in 2008 the CDC provided him with both the PFGE patterns and the corresponding CDC laboratory identification numbers. Plaintiff summarily argues, without elaboration, that the CDC has not identified any privacy interests at stake here.[1]

In assessing the applicability of Exemption 6, courts weigh the privacy interests in nondisclosure against the public interests in disclosure. *See Lakin Law Firm, P.C. v. F.T.C.*, 352 F.3d 1122,

---

[1] While plaintiff does not use the word "waiver," a fair reading of his response certainly suggests it. Although neither side addresses the issue, a finding of waiver would not be appropriate here because the Seventh Circuit has made clear that an agency cannot waive an individual's privacy protections found within FOIA. *See Lakin Law Firm, P.C. v. F.T.C.*, 352 F.3d 1122, 1124 (7th Cir. 2003) (citing *Sherman v. U.S. Dept. of the Army*, 244 F.3d 357, 363-64 (5th Cir. 2001) ("[O]nly the individual whose informational privacy interests are protected by Exemption 6 can effect a waiver of those privacy interests.").

1125 (7th Cir. 2003). The CDC redacted the state lab identification number, submitter, submitter identification and the date received from the Minnesota and South Carolina samples. Based upon its prior experience with similar matters, the CDC determined that an unredacted response for the Minnesota and South Carolina samples would increase the probability that plaintiff would be able to ascertain the identity of one or both of these individuals, and thus would be able to match private information obtained from the samples with these individuals.[2] While true that the CDC does not walk through all the steps that would be necessary to tie a particular name to the samples at issue, I note that the CDC has submitted an affidavit from Katherine S. Norris, the CDC's FOIA Officer, who averred that "[t]he decision to redact was based upon prior CDC FOIA Office experience, in which the release of such information in an unredacted fashion was later discovered to have allowed the identification of the individual(s) involved, by means of deduction from contextual clues." Norris Aff. ¶5. "Without evidence of bad faith, the veracity of the government's submissions regarding reasons for withholding documents should not be questioned." *Matter of Wade*, 969 F.2d 241, 246 (7th Cir. 1992).

---

[2] The CDC explained that it assigns a "CDC laboratory number" to each sample received. In addition, information that is submitted to the CDC from a state health department will also have a state identifier associated with the same sample. The CDC includes the state health department identifier and the CDC laboratory number on reports sent back to the state.

Given the possibility that this information could be used to identify the individuals, there are privacy interests implicated here.[3]

Likewise, I reject plaintiff's argument that the prior disclosure in 2008 negates these individuals' privacy interests. The 2008 reproduction produced by the CDC did not – due to the fact that the results are basically unreadable – actually reveal the information plaintiff now seeks. In essence, because plaintiff cannot read the results for the Minnesota and South Carolina samples in any meaningful way, it is as if plaintiff never received the first production. Thus, despite what may have been produced in 2008, there remain protectable privacy concerns here.

Against this privacy interest, I must evaluate any public interest at stake. The Supreme Court has held that the only public interest that is relevant to this balancing test is "the shining of a light on an agency's performance of its statutory duties." *Lakin*, 352 F.3d at 1125 (citing *U.S. Dep't of Justice v. Reporters*

---

[3] Plaintiff cites to a one district court case from California, *Lahr v. Nat'l Transp. Safety Bd.*, 453 F. Supp. 2d 1153, 1183 (C.D. Cal. 2006), to support his statement that there is no privacy interest in the identification numbers themselves. While plaintiff makes no attempt to discuss the *Lahr* case or how it applies here, I have nonetheless reviewed the case and find it unavailing. In *Lahr*, the alleged privacy interest (a witness' right to be free from unofficial questioning about an airplane accident) is quite different from the highly personal nature of human samples at issue here. Further, it is not clear what arguments were actually made by the parties as the *Lahr* court provided very little explanation of its holding concerning witness identification numbers.

*Comm. For Freedom of Press*, 489 U.S. 749, 773 (1989)). Here, plaintiff provides no argument whatsoever that release of the identifying information would substantially further any public interest. Instead, plaintiff seeks the information for purely personal reasons. In the end, plaintiff "has failed to carry [his] burden of 'identifying with reasonable specificity the public interest that would be served by release' of the withheld identifying information." *Id*. (quoting *Hale v. U.S. Dept. of Justice*, 973 F.2d 894, 900 (10th Cir. 1992)). Because it falls within Exemption 6, the CDC is entitled to withhold the identifying information.

Defendant's motion for summary judgment is granted. Because I conclude that this case is more appropriate for resolution on summary judgment, plaintiff's motion to dismiss is denied as moot. Because defendant moved to dismiss *and* for summary judgment, defendant's motion to dismiss, or in the alternative, for summary judgment [15] is granted in part and denied in part.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated:    April 2, 2012